ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **PUERTO RICO INDUSTRIAL COMMERCIAL HOLDINGS BIOTECH CORP.**<br><br>Recurrido<br><br>v.<br><br>**TCG INVESTMENTS, LLC.**<br><br>Peticionario | KLCE202500070 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Ponce**<br><br>Civil Núm.: **PO2024CV02325**<br><br>Sobre: Cobro de Dinero – Ordinario, Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de febrero de 2025.

La parte peticionaria, TCG Investments LLC (TCG Investments o peticionaria), nos solicita que revoquemos la *Resolución Interlocutoria* emitida el 26 de diciembre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce. Mediante la misma, el TPI declaró No Ha Lugar la solicitud de orden provisional bajo la Regla 56 de Procedimiento Civil presentada por Puerto Rico Industrial Commercial Holdings Biotech Corp. (PR Industrial).

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

### I.

Surge del expediente que el 19 de agosto de 2024, PR Industrial, incoó una *Demanda Jurada* en contra de TCG Investments sobre cobro de dinero ante un alegado incumplimiento de contrato. En la demanda, se alegó que TCG Investments incumplió con el pago de las facturas pendientes procedentes de la

venta y entrega de productos de cannabis medicinal para la venta de dispensarios que ubican en los Municipios de San Juan, Ponce, Caguas, Humacao y Loíza. Añadió que, en el curso ordinario de sus negocios, para cada orden de productos de cannabis medicinal, PR Industrial genera una factura en la cual se describen los productos y el precio de estos, incluyendo cualesquiera contribuciones o impuestos que resulten aplicables. Destacó que desde el año 2021 hasta el año 2023, PR Industrial emitió 60 facturas por venta y entrega de los productos, las cuales no habían sido pagadas al momento de presentar la *Demanda Jurada*, por lo que adeudaban la cantidad de $257,616.65.

El 10 de septiembre de 2024, PR Industrial solicitó mediante *Moción Urgente de Embargo Preventivo en Aseguramiento de Sentencia* el embargo de todos los bienes muebles de TCG Investments que no estén exentos por ley de ser embargados, ya que existía una gran probabilidad de que estos desaparecieran los activos correspondientes para el pago de la deuda. A tal solicitud, el TPI mediante *Resolución,* la declaró No Ha Lugar en esa etapa de los procedimientos.

En respuesta a la *Demanda Jurada,* el 18 de noviembre de 2024, TCG Investments presentó su *Contestación a Demanda.* En síntesis, negó la mayoría de las alegaciones, y arguyó que la veracidad de estas estaba sujeta a corroboración mediante el proceso de descubrimiento de prueba, incluyendo la evaluación de los procedimientos de documentación y custodia de PR International en el curso ordinario de sus negocios. Señaló que, en ocasiones, PR International entregó los productos tarde e incurrió en mora. Finalmente, solicitó que se declarara no ha lugar la demanda, junto a cualquier pronunciamiento que en derecho procediera.

El 4 de diciembre de 2024, PR International presentó una *Segunda Moción Urgente de Embargo Preventivo en Aseguramiento*

*de Sentencia.* Expuso que realizaron múltiples gestiones sin éxito dirigidas a lograr el cobro de lo adeudado, o acordar un plan de pago con reconocimiento de deuda con TCG Investments, quienes recibieron los productos de cannabis medicinal y se rehúsan a realizar los pagos solicitados. Añadió que existía el riesgo real de que TCG Investments continuara realizando transacciones comerciales, incluyendo la venta de entidades corporativas y/o licencias de cannabis medicinal relacionadas a la operación para la cual compraron productos a PR International, que pudiesen razonablemente afectar la efectividad de cualquier sentencia que se dicte en el caso y un potencial fraude de acreedores. Por lo anterior, exhortó al Tribunal a conceder el embargo preventivo en aseguramiento de sentencia para garantizar la efectividad de cualquier sentencia que se pudiera emitir en su día o en su alternativa, celebrara una vista de embargo a modo urgente.

El 17 de diciembre de 2024, TCG Investments compareció mediante *Moción en Oposición a Moción de Embargo Preventivo en Aseguramiento de Sentencia y en Cumplimiento de Orden.* Expresó que la solicitud presentada por PR Industrial no rebasaba las exigencias reglamentarias y jurisprudenciales aplicables, toda vez que descansaba en sus propias alegaciones y no en documentos públicos fehacientes. Asimismo, razonó que la moción no aducía hechos o circunstancias específicas, más allá de la especulación, que acreditaran la situación de riesgo inminente o real sobre la supuesta disposición de licencias o entidades corporativas de TCG Investments.

Así las cosas, y luego de evaluadas ambas posiciones, el 17 de diciembre de 2024, el TPI emitió la *Resolución Interlocutoria* recurrida, en la cual determinó lo siguiente:

> No Ha Lugar a la solicitud de orden provisional bajo la Regla 56 de Procedimiento Civil **en esta etapa de los procedimientos**.

[...]

Durante la Vista de Conferencia Inicial señalada para el 13 de febrero de 202[5] las partes comparecerán preparadas para argumentar y presentar prueba en un[a] vista evidenciaria si hiciera falta entonces que el Tribunal dicte una Orden Provisional bajo la Regla 56 de Procedimiento Civil.

Inconforme con la determinación del foro primario, TCG Investments acude ante este Tribunal y le imputa la comisión al TPI del siguiente error:

Erró el Tribunal de Primera Instancia y abusó de su discreción al señalar una vista para considerar remedios provisionales luego de haber denegado la moción presentada bajo la Regla 56 de Procedimiento Civil, al no considerar que, tras la denegatoria, no existe ante el Tribunal una solicitud válida para evaluar ni fundamento jurídico que justifique actuar motu proprio sobre un asunto ya resuelto, lo que resulta contrario a derecho, procesalmente improcedente, y genera incertidumbre procesal al actuar sin una nueva petición por parte de la promovente, violando así los principios de definitividad de las resoluciones judiciales y el debido proceso de ley.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...".[1] Ante ello, prescindimos de la comparecencia de la parte recurrida.

**II.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 81(2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender

---

[1] 4 LPRA Ap. XXII-B, R. 7 (B)(5).

mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[2] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**III.**

En su recurso, TCG Investments argumenta que PR Industrial no ha presentado recurso alguno para impugnar el No Ha Lugar emitido por el Tribunal en respuesta a su solicitud de embargo preventivo. Señala que aun así, el TPI señaló motu proprio una vista de remedios provisionales, lo cual, a su consideración, entiende contrario al principio de nuestro sistema jurídico de que el derecho es rogado. Enfatiza que el acto de señalar una vista en las circunstancias antes mencionadas contradice directamente la determinación emitida de proveer No Ha Lugar a la solicitud de PR Industrial. Ello, toda vez que alega que la denegatoria de esa naturaleza equivale al cierre del asunto en cuestión, salvo que la parte interesada recurra de la decisión o presente una nueva moción que subsane los defectos señalados. No le asiste la razón.

Al examinar los argumentos del peticionario y la *Resolución Interlocutoria* sujeta a revisión, determinamos no intervenir con la actuación del TPI. En el caso de autos, el foro primario, en el ejercicio de la discreción que ostenta en el manejo de los casos, declaró No Ha Lugar la solicitud de orden provisional instada por PR Industrial en esa etapa de los procedimientos y concluyó que en la vista de conferencia inicial, pautada para el 13 de febrero de 2025, las partes debían argumentar y presentar prueba a su favor para determinar si en ese entonces, amerita la expedición de una Orden Provisional bajo la Regla 56 de Procedimiento Civil.

Por lo tanto, concluimos que el peticionario no nos colocó en posición de intervenir con la determinación impugnada. Tampoco que el TPI actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto al emitir la determinación aquí recurrida. Así las cosas, y ante la ausencia de alguna de las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, procede denegar la expedición del auto de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones